## WEITZEL *v.* RABE.

While a distillery, the capacity of which was estimated at 416.90 bushels of grain each twenty-four hours, was in full operation, A., the owner thereof, made application, under sect. 3311, Rev. Stat., to have the capacity reduced to 207.45 bushels, by closing six tubs. According to the practice prevailing in that collection district, two tubs were closed a day, commencing May 2, 1876. On May 2 and 3 A. mashed 207.45 bushels, but distilled beer from 415.96 bushels, which he had mashed April 30 and May 1. Thereafter he used 207.45 bushels daily. All the spirits produced by him during May were reported by him, and the tax thereon duly paid. *Held,* 1. That the producing capacity of the distillery was not in law reduced to 207.45 bushels per day until May 4. 2. That for the beer distilled from the 415.96 bushels of grain mashed April 30 and May 1 A. was not liable to be taxed as for material used by him in excess of the producing capacity of his distillery on May 2 and 3.

ERROR to the Circuit Court of the United States for the Southern District of Ohio.

This was an action brought by Rabe against Weitzel, collector of internal revenue for the first collection district of Ohio. He alleges that on the sixteenth day of August, 1876, the Commissioner of Internal Revenue illegally and wrongfully assessed against him as distiller, engaged in the business of distilling in that district, an internal revenue tax of $754.63, as upon the product in spirits of an alleged excess of material used for the production of spirits over and above the producing capacity of his distillery, in the month of May, 1876, and caused the same to be forwarded and delivered to Weitzel for collection; that it is not true that there existed any such excess of material used over the actual and lawful producing capacity of his distillery; that he protested against the assessment to Weitzel, who, under authority of his office, demanded the tax, which the plaintiff, to avoid distraint and seizure of his property, paid, under protest, on the 25th of April, 1877; and that on the 29th of May, 1877, he made his application to the Commissioner to refund and repay to him the sum so paid, which was rejected.

The plaintiff demanded judgment for that amount.

The defendant, in his answer, traversed the allegation of the

plaintiff's petition that the assessment was oppressive and wrongful. There was a judgment for the plaintiff, and the defendant sued out this writ.

It appears that previous to May 2, 1876, the capacity of the distillery was fixed by the survey at 415.96 bushels of grain each twenty-four hours, the fermenting period being forty-eight hours; that on that day the plaintiff went to the collector's office and notified the deputy in charge of distilleries that he desired to reduce the capacity to 207.45 bushels by closing six fermenting tubs then in use; that he then signed three blank notices given him by said deputy, leaving them with said deputy, who filled up and filed the same. The notices when filed stated that he desired to reduce his capacity from 415.96 to 346.29 bushels by closing tubs Nos. 3 and 8, having a capacity of 9,406 gallons, on and after May 2, 1876; from 346.29 to 276.03 bushels, by closing tubs Nos. 12 and 15, capacity 9,485 gallons, on and after May 3; and from 276.03 to 207.45 bushels, by closing tubs Nos. 10 and 14, capacity 9,258 gallons, on and after May 4, 1876. The deputy thereupon closed and sealed the six tubs successively on the second, third, and fourth days of that month, in accordance with the notices.

On the 2d and 3d of May the plaintiff mashed but 207.45 bushels of grain, but distilled the beer from 415.96 bushels of grain mashed upon the 30th of April and 1st of May; on each remaining day of the month he used the exact amount of grain fixed by the capacity. On the receipt of his return, the Commissioner of Internal Revenue made an assessment against him for an excess of grain used during the second and third days of the month of May over and above the reduced capacity specified in the notices; to wit, in excess of 346.29 bushels on the second, and 276.03 bushels on the third. This assessment was paid to the defendant as collector of internal revenue.

The mode of reducing capacity by giving three notices and closing tubs on successive days after they had remained empty twenty-four hours was the uniform practice in that collection district, until changed in accordance with circular No. 38, from the Commissioner of Internal Revenue, dated Feb. 20, 1877, and the distiller desiring to reduce capacity was required by the collector to give the three notices.

The plaintiff reported all spirits produced by him during May, 1876, and paid tax thereon according to law.

The court charged the jury that the producing capacity of the distillery was not in law reduced until the fourth day of May; that it continued for the second and third days of May to be 415.96 bushels, and this being the amount of grain in fact used, there was no use of grain by the distiller in excess of the capacity of his distillery; and that the assessment was therefore illegal.

The defendant asked the court to instruct as follows:—

When the distiller gave notice in the form prescribed that he desired to reduce capacity on and after a day specified in the notice by closing a designated fermenting tub, and such tub was thereupon closed by the deputy collector in accordance with the notice, the legal effect was to reduce the capacity of the distillery on and after that day; and if the distiller on or after that day used grain in excess of the reduced capacity, although mashed before the reduction, the Commissioner was authorized by law to make an assessment for the excess, and the distiller who pays it cannot recover it from the collector.

Which charge was refused. To the charge as given and to that refused the defendant excepted, and he assigns for error the action of the court in that regard.

*Mr. Assistant Attorney-General Smith* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We think the court below was right in holding that the producing capacity of the distillery was not in law reduced so as to make the distiller liable for material used in excess of the reduced capacity, until May 4. The original capacity, as estimated according to law, was 416.90 bushels of grain each twenty-four hours, but the spirits could not be properly developed and separated until the expiration of forty-eight hours from the time the grain was put into the mash,— that being the fermenting period allowed. According to the rulings of

the Commissioner of Internal Revenue, grain has been *used*
when the spirits have been properly developed and separated
by distillation; and in determining, under the requirements of
sect. 3309 of the Revised Statutes, whether a distiller has ac-
counted for all grain used by him in a month, the practice has
been to take the quantity of mash and beer on hand at the
beginning of the month, add to it the quantity put into mash
during the month, and from the total deduct the quantity
of mash and beer on hand at the end of the month. The
remainder is the quantity used. Under the law the distiller
must pay a tax equal to eighty per cent of his estimated pro-
ducing capacity, whether the spirits are actually produced or
not. Consequently, to save himself from taxation beyond his
actual production, he must keep his distillery running all the
time within twenty per cent of its full capacity.

The application in this case, under sect. 3311 of the Revised
Statutes, for a reduction of capacity, was made when the dis-
tillery was in full operation, and when mash or beer equal to
the full producing capacity was in the process of distillation.
The spirits could not be properly developed and separated from
this material until the expiration of forty-eight hours from that
time. This both the government officers and the distiller knew.
Under these circumstances, the application for the reduction
of capacity was, evidently made with the intention of having
the reduced capacity date from the time when it could go into
effect without subjecting the distiller to a tax on excess of
material used, by reason of the further distillation of what was
then in mash. To accomplish this purpose a practice had grown
up in the collection district where this distillery was situated
to give three notices and close tubs on successive days after
they had remained empty twenty-four hours. Forms seem to
have been prepared by the revenue officers for such notices;
and when the application for reduction was made in this case,
the notices were signed in blank and left with the collector to
be filled up by him in a way that would, according to the prac
tice which prevailed, bring about the reduction at the proper
time. The reduction was made. The distiller reported his
actual product, and paid the taxes thereon in full. The amount
now sued for was evidently paid on account of a constructive

and not an actual use of material in excess of capacity. There is no pretence of bad faith. The distiller did what was required of him to get a reduction of capacity while his distillery was in operation. Under such circumstances he was entitled to have the capacity estimated while the reduction was going on, in such a way as not to charge him with material in mash when the change was applied for, as material used in excess of capacity.

*Judgment affirmed.*

NOTE. — In *Weitzel* v. *Kayser* and *Weitzel* v. *Caldwell*, error to the same court and submitted at the same time as the preceding case, MR. CHIEF JUSTICE WAITE remarked that they were in all material respects like it, and, upon its authority, the judgments were affirmed.